

LOCKE LORD LLP
Susan J. Welde (SBN: 205401)
swelde@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Defendant
INTERNATIONAL LEASE FINANCE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MMADI MLATAMOU HASSANATI, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL LEASE FINANCE CORPORATION and DOES 1-100, <br><br> Defendants. | CASE NO. 2:11-cv-02251-MMM-MAN <br><br> Hon. Margaret M. Morrow <br><br> **STIPULATION TO LIMIT DISCOVERY AND TEMPORARILY STAY PROCEEDINGS; [PROPOSED] ORDER** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant International Lease Finance Corporation ("ILFC") and plaintiffs Mmadi Mlatamou Hassanati, et al. (collectively "Plaintiffs") (ILFC and Plaintiffs collectively "Stipulating Parties"), hereby stipulate, pursuant to Federal Rules of Civil Procedure 16 and 26, as follows:

*(left margin vertical text)* Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1.   WHEREAS, ILFC intends to file a motion to dismiss for *forum non conveniens* ("FNC Motion");

2.   WHEREAS, the continuing unavailability of documents relevant to causation and related merit issues with respect to the subject accident, specifically, the preliminary, factual and probable cause reports from the Chicago Convention's Annex 13 investigation into the subject accident, will necessitate a reassessment of the initial case schedule as contemplated at the initial scheduling conference;

3.   WHEREAS, due to the lack of the above-referenced preliminary, factual and probable cause reports, which are necessary for the resolution of the disputes between the parties raised in this action, the Stipulating Parties will not be prejudiced if the proceedings and discovery in this action are limited and otherwise temporarily stayed pending the outcome of ILFC's proposed FNC Motion;

4.   WHEREAS, the FNC Motion, if successful, would dispose of Plaintiffs' claims in their entirety for purposes of this California forum;

5.   WHEREAS, moving forward with the litigation of this action and/or allowing extensive discovery would pose an undue burden on ILFC in light of its proposed FNC Motion and allowing extensive discovery would be contrary to the well-settled purposes of the *forum non conveniens* doctrine[1];

THEREFORE, the Stipulating Parties agree and stipulate as follows:

a.   That all proceedings in this action unrelated to issues of *forum non conveniens* be stayed pending resolution of ILFC's proposed FNC Motion;

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

---

[1] *See e.g. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981) ("[r]equiring extensive investigation would defeat the purpose of the motion" to dismiss for forum non conveniens); *see also In re Bridgestone/Firestone, Inc.*, 131 F. Supp. 2d 1027, 1030 (S.D. Ind. 2001) (recognizing that because motions to dismiss for *forum non conveniens* "do not call for a detailed development of the entire case," a stay on discovery into matters unrelated to the issue of forum non conveniens would be appropriate); *Vivendi, S.A. v. T-Mobile USA, Inc.*, 2007 WL 1168819 at *2 (W.D. Wash. 2007)(citing Piper); *Norex Petrol. Ltd. v. Access Indus., Inc.*, 2003 WL 1484269, at *2 (S.D.N.Y. 2003) (ordered stay of discovery unrelated to *forum non conveniens* motion because "[g]enerally, a motion to dismiss premised upon a claim of *forum non conveniens* is decided based upon affidavits only" and "does not require a detailed development of the entire case through discovery."). "Therefore, it behooves courts to permit discovery on facts relevant to *forum non conveniens* motions." *Bridgestone*, 131 F. Supp. 2d at 1029-30. Notwithstanding, such "discovery should not proceed uncontrolled" *Id.* The District Court for the Western District of Washington noted that allowing a party "to engage in extensive discovery would pose an undue burden" on the defendants. *Vivendi*, 2007 WL 1168819, at *2.

2

b.     That discovery in this action be narrowly tailored and limited to matters relevant to making and opposing an FNC motion, including, but not limited to:  the parties' residence and citizenship; location of witnesses and evidence; location of the design, manufacture, operation and maintenance of the Aircraft and records of same; the residence, location of training and documentation of same regarding the accident crew; location of the wreckage, and other evidence of the Annex 13 investigation; and, discovery into laws, judiciary and remedies provided by alleged alternative forums and inquiry of any experts presented on same.

Pursuant to this stipulation, the Stipulating Parties request the Court to enter the Proposed Order filed concurrently herewith.

Dated:   1-25-2012                    LOCKE LORD LLP


By:   /s/ Susan J. Welde
          Susan J. Welde
Attorney for Defendant
INTERNATIONAL LEASE FINANCE
CORPORATION


Dated:   1-25-12                       ENGSTROM, LIPSCOMB & LACK;
                                       GIRARDI & KEESE


By:   _____
          Walter J. Lack, Esq.
          Mark E. Millard, Esq.
          Thomas V. Girardi, Esq.
          Keith D. Griffin, Esq.
Attorney for Plaintiffs
MMADI MLATAMOU HASSANATI, et al.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071